[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition for joint custody and order of support and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this petition are not in dispute. The plaintiff and the defendant are the parents of Austin Nicholas Barzetti, born August 30, 1995. The parties were never married. The parties are in dispute regarding the issues joint custody versus sole custody, visitation, support, and payment of attorney's fees.
 A THE CUSTODY DISPUTE
The court finds the following facts. Both parents are able and caring parents. The child has a warm relationship with both parents. Both parents are capable of properly raising the child. From the evidence presented, the court finds an award of joint legal custody and joint physical custody is in the best interest of the minor child. CT Page 5314
 B THE ISSUE OF ATTORNEY'S FEES AND COSTS
Counsel for the defendant has submitted a revised affidavit of attorney's fees for a total of $25,610. The court finds that $20,000 represents a reasonable attorney's fee for counsel for the defendant.
 C THE ISSUE OF SUPPORT
The parties are in dispute as to the plaintiffs gross weekly income from which his net weekly income is to be determined.
From the evidence presented, the court finds that the plaintiffs gross weekly income is $1346.61. The court finds that his net weekly income for child support guideline purposes is $883. The court finds that the defendant's gross weekly income is $665 and her net weekly income for child support guideline purposes is $490. The combined net weekly income of the parties is $1373. The basic child support is $252. The plaintiff is providing health insurance for the child at an approximate cost of $15 weekly which increases the total weekly support to $267. The plaintiffs share of the total weekly support is 64 percent, and the defendant's share is 36 percent. The recommended weekly support order for the plaintiff is $156. The unreimbursed medical expense and child care contribution is 53 percent for the plaintiff, and 47 percent for the defendant.
 ORDERS BY WAY OF CUSTODY, VISITATION AND SUPPORT
1. The court enters an order of joint legal custody and joint physical custody of the minor child.
2. The child is to be with the plaintiff from Wednesday, May 10, 2000 at 4 p.m. until Saturday, May 13, 2000 at 6 p.m. The following week he is to be with the plaintiff from Wednesday, May 17, 2000 at 4 p.m. until Saturday May 20, 2000 at 6 p.m. The remaining time until May 24, 2000, the child is to be with the defendant. Commencing Wednesday, May 24, 2000, the child is to be with the plaintiff every Wednesday from 4 p.m. until the following Sunday at 10 a.m., and is to be with the defendant every Sunday at 10 a.m. until the following Wednesday at 4 p.m.
3. The plaintiff is to do all transportation required for the above CT Page 5315 schedule.
4. During the school year, the child shall alternate school vacations with his parents. School vacations are defined as three or more days off from school in the school calendar year. For the purposes of this section, school vacations will not include Thanksgiving and Christmas.
5. Thanksgiving weekend is to be alternated between the parties commencing on Wednesday the day before Thanksgiving at 4 p.m. through Sunday at 5 p.m. The child is to spend the even years for Thanksgiving with the plaintiff, and the odd years with the defendant.
6. The Christmas holiday is to be alternated between the parents, with the child spending the even years with the defendant, and the odd years with the plaintiff. The Christmas holiday shall consist of the time from the end of the last day of school, but not later than 5 p.m. prior to Christmas Day, until the day before the child is scheduled to return to school after New Year's Day at 5 p.m.
7. The child shall spend Mother's Day with the defendant from 9 a.m. to 5 p.m.
8. The child shall spend Father's Day from 9 a.m. to 5 p.m. with the plaintiff.
9. The parties shall divide equally the time to spend with the child on the child's birthday.
10. Each party is entitled to spend three uninterrupted weeks with the child during the summer vacation. Each party is to give to the other party at least ninety (90) days advance written notice by registered mail return receipt or certified mail return receipt as to the three weeks. No more than two of the three weeks may be consecutive.
11. The orders entered in paragraphs 4 through 10 take priority over the orders entered in paragraph 2.
12. The court orders that the plaintiff pay support to the defendant in the amount of $156 weekly by an immediate wage execution and that he pay 53 percent of the unreimbursed medical expenses and qualifying child care contribution costs. The plaintiff is also to provide health insurance for the minor child.
13. Any matter involving medical treatment for the minor child that the parties cannot agree upon, the plaintiff is to have the final CT Page 5316 decision-making. All other matters involving the education and care of the child that the parties cannot upon, the defendant is to have the final decision-making.
 MISCELLANEOUS ORDERS
1. The defendant's request that the plaintiff provide an automobile for her is denied on the grounds that the court does not have jurisdiction to even consider entering such an order.
2. The court finds that under the stipulation entered into between the parties that the plaintiff owes counsel for the minor child $1769 as of January 7, 2000, and the defendant owes counsel for the minor child $2516.26 as of January 7, 2000. The court finds that the total amount claimed by counsel for the minor child is reasonable and that the balance of that amount that is due is to be paid 75 percent by the plaintiff and 25 percent by the defendant with the payments to be made by June 1, 2000.
3. The court orders that the plaintiff pay to counsel for the defendant counsel fees in the amount of $20,000 by June 1, 2000. The defendant's request that the plaintiff also pay for costs is denied.
4. For each even numbered year in which the plaintiff is current in his support obligation, he has the right to claim the minor child as an exemption for federal and state income tax purposes.
____________________ Axelrod, J.